***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence. Accordingly, the Full Commission AFFIRMS with modifications, the Decision and Order of Deputy Commissioner Harris and enters the following Decision and Order.
 ***********
The following documents were proffered into evidence as:
 EXHIBITS
Defendant's Exhibit 1: Plaintiff's medical records.
 *********** *Page 2 ORDER
Defendant filed a Motion to Strike any reference by Plaintiff to the cystoscopy procedure he underwent. With said Motion, Defendant included an entry from a medical dictionary and the Affidavit of Ellen H. Wiley, R.N. The Deputy Commissioner's denial of the Motion is affirmed. The Commission has not considered the attachments to Defendant's Motion in reaching this decision.
 *********** ISSUE
Plaintiff filed an Tort Claims Affidavit alleging that through Defendant's negligence, Plaintiff was injured when he was struck in the groin by a correctional officer.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On August 16, 2001, Plaintiff was an inmate at Harnett Correctional Institution.
2. On August 16, 2001, shortly before 3:45 p.m., Plaintiff was returning to his cell from getting an insulin shot in the medical ward. Plaintiff stopped to step into a line at the canteen, and, as he did so, he was struck in the left groin and left testicle by a radio that was being swung back and forth by Correctional Officer Leake.
3. Defendant stipulated at the hearing that Officer Leake was negligent in swinging the radio and striking Plaintiff. However, Defendant contested whether Plaintiff was contributorily negligent. Defendant further contended that Officer Leake was shutting down the canteen line and that Plaintiff was hit as he tried to scoot surreptitiously past Officer Leake to get in line. *Page 3 
4. There were already three inmates in line when Plaintiff was struck. The hallway in which this incident occurred was about eight feet wide. Plaintiff wanted to go to the canteen because the mess hall was serving fish that evening, and Plaintiff does not eat fish. Plaintiff was struck as he turned right to get into the canteen line. Plaintiff had to walk past Officer Leake in order to get into the line.
5. Defendant did not produce any witness to support its contributory negligence defense or to support its contention that Plaintiff was injured because he was trying to circumvent an attempt by Officer Leake to shut down the canteen line.
6. Plaintiff buckled when he was hit and had immediate pain in his groin and testicles. He walked back to the medical ward that afternoon and was seen for left scrotal pain. Some swelling and tenderness were noted, and Plaintiff was given pain medication and an athletic supporter to wear. An urinalysis revealed no blood in the urine.
7. Plaintiff has sought and received extensive medical attention for his "privates" since this incident and has continued to complain to the providers about left testicular pain. His most significant diagnosis has been prostatitis. He has also been diagnosed at various times with epididymitis, hydroceles and a questionable hernia. After the incident, Plaintiff developed infections in his urethra, then his prostate.
8. Dr. Storch, with Mid Carolina Urology in Pinehurst, performed a cystourethroscopy on Plaintiff on November 8, 2001, with a post-operative diagnosis of prostatitis. In 2004, Plaintiff saw an urologist at UNC-Chapel Hill, Dr. Stefaniak, who diagnosed chronic prostatitis. He underwent another cystoscopy on August 19, 2004. In 2005, he saw Dr. Hughes with Kinston Urology Clinic, who diagnosed chronic left epididymitis and prescribed antibiotics, to which the condition responded well. *Page 4 
9. Plaintiff continues to have left testicle pain and continues to wear the athletic supporter, which provides some relief.
10. Plaintiff has diabetes mellitus.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Defendant has stipulated that Officer Leake was negligent when he struck Plaintiff in his left testicle with a radio.
2. Defendant has not shown that Plaintiff was contributorily negligent in this incident. Defendant has failed to show that Plaintiff committed any breach of any standard of reasonable care that contributed to his injury.
3. As an actual and proximate result of Officer Leake's negligence, Plaintiff suffered an immediate injury to his "privates" and experienced at least a short period of pain and suffering.
4. However, Plaintiff has not shown that any of the chronic urological conditions that he has experienced since this incident were causally related to said incident or aggravated or accelerated by said incident. Plaintiff has not shown that any long-term pain that he has suffered since this incident was causally related to said incident.
5. Plaintiff is entitled to recover money damages from Defendant for the immediate pain and suffering that he experienced upon being struck in the left groin, but nothing further. N.C. Gen. Stat. § 143-291.
 * * * * * * * * * * *Page 5 
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
Defendant SHALL pay to Plaintiff the sum of $450.00 as money damages.
Defendant shall pay the costs.
This the ___ day of January, 2010.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ PAMELA T. YOUNG CHAIR
S/_____________ DANNY LEE McDONALD COMMISSIONER *Page 1